UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TECHNICAL EDUCATION RESEARCH ) | |
| CENTERS, INC., Plaintiff ) | |
| ) | |
| V. ) | Civil Action No.   04-12539 RCL |
| ) | |
| LAURTOM, INC., Defendant ) | |

DEFENDANT'S ANSWER

First Defense

For Answer to the numbered paragraphs of the Plaintiff's Complaint the defendant Laurtom, Inc. says as follows:

1. Defendant admits the allegations in the first two sentences of paragraph 1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

2. Defendant admits the allegations, except it lacks knowledge concerning the extent of plaintiff's knowledge concerning Defendant's current business.

Jurisdiction and Venue

3. Defendant admits that the parties are domiciled in different states, but Defendant denies that the amount in controversy is in excess $75,000.

4. Defendant admits that it executed the contract at issue in this action. Defendant denies the remaining allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5.

Facts

6. Defendant admits that Plaintiff has developed some products in the education field; that some of its products are funded in whole or in part by grants from the National Science Foundation ("NSF"), and that it received a grant from NSF in connection with the curriculum entitled *Astrobiology: The Search for Life in the Universe* (the "Curriculum""). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

7. Defendant admits that Plaintiff received a grant from the NSF for the Curriculum, and that Plaintiff represented the Curriculum to be intended as a full year science curriculum for Grade 9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

9. Defendant admits that in December 2000 Jeffrey Lockwood ("Lockwood"), the TERC employee chiefly responsible for the Curriculum approached It's About Time ("IAT") requesting IAT publish the Curriculum, that Lockwood thereafter pursued IAT to publish the Curriculum, and that in the Spring of 2001 IAT agreed to consider the possibility of publishing the Curriculum. Defendant denies the remaining allegations in paragraph 9.

10. Defendant admits the allegations in the first sentence of paragraph 10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

Further answering this paragraph Defendant says that prior to the Summer of 2001 TERC represented to IAT that it already had conducted field testing and that the Curriculum was very marketable.

11.  Defendant admits the allegations in paragraph 11.

12.  Defendant admits that IAT had a particular and unique format for materials that it published.  Defendant admits that after Defendant agreed to consider publishing the Curriculum, TERC continued working on completing the Curriculum.  Defendant denies the remaining allegations in paragraph 12.

Further answering paragraph 12, Defendant says that when TERC first approached IAT, TERC represented that it had used IAT's particular and unique format in preparing its Curriculum; and IAT relied upon that representation in expressing any interest in considering publication of the Curriculum, in order to protect its unique format.

13.  Defendant admits that after the Agreement was executed, IAT engaged two senior <u>editors</u> (not educators) and others, who reported that the Curriculum did not meet the education standards of various states and, more fundamentally, that it was not a marketable product.  Defendant denies the remaining allegations in the first sentence of paragraph 13.  Defendant admits that TERC continued to work on completing the Curriculum and made some modifications to the Curriculum at some time between October 2001 and March 2002.  Defendant denies the remaining allegations in paragraph 13.

14.  Defendant denies that TERC delivered to IAT by February 15, 2002 Curriculum that was in compliance with Paragraph 3 of the Agreement.  Defendant denies the remaining allegations in paragraph 14 of the Complaint.

Further answering paragraph 14, Defendant says that TERC requested IAT to display the Curriculum at the National Science Teachers' Association ("NSTA") meeting, and that IAT did so, but that it did not result in generating substantial interest in purchasing the Curriculum.

15. Defendant admits that Lockwood and possibly other TERC employees attended the NSTA meeting. Defendant denies the remaining allegations in the first sentence of paragraph 15 of the Complaint. Defendant admits that IAT has not paid TERC's invoices attached as Exhibit B, but further answering denies any responsibility to pay for those invoices.

16. Defendant denies that the Curriculum delivered to IAT by April 15, 2002 was in "Final Form" as defined in the Agreement. Defendant neither admits nor denies the remaining allegations of paragraph 16, but respectfully refers the Court to Exhibit A for a true construction of its terms in context.

Further answering paragraph 16, Defendant says that IAT orally informed TERC in March 2002 that the Curriculum was not marketable and that it would be sending written notice to that effect; but TERC requested that IAT not send said notice.

17. Defendant admits that IAT did not provide a written statement claiming the Curriculum was deficient. Defendant denies the remaining allegations in paragraph 17.

18. Defendant neither admits nor denies the allegations in paragraph 18, but respectfully refers the Court to Exhibit A for a true construction of its terms in context.

19. Defendant admits that it removed all references to the Curriculum from its web site by September 2002. Defendant denies that it failed to market the Curriculum by September 30, 2002. Defendant denies the remaining allegations in paragraph 19.

20. Defendant admits that it did not publish or offer for sale, the Curriculum in print

form.   Defendant neither admits nor denies the remaining allegations in paragraph 20, but respectfully refers the Court to Exhibit A for a true construction of its terms in context.

21.   Defendant admits that one of the reasons for not publishing the Curriculum was that the market had changed in a way that made publication of the Curriculum even more economically unfeasible.  Defendant denies the remaining allegations in paragraph 21 of the Complaint.

Further answering paragraph 21 of the Complaint, Defendant says that its original decision to consider marketing the Curriculum was based in part upon TERC's representations that it had conducted field testing and that it had strong evidence of the effectiveness of the Curriculum and its marketability, which representations subsequently were determined to be not true.

22.   Defendant neither admits nor denies Plaintiff's recital of selected provisions of the Agreement, but respectfully refers the Court to the Agreement for a true construction of its terms, in context.  Defendant admits that it received the letter dated June 2, 2003, attached as Exhibit C to the Complaint. Defendant denies the remaining allegations in paragraph 22.

23.   Defendant denies the allegations in paragraph 23 of the Complaint.

24.   Defendant denies the allegations in paragraph 24 of the Complaint.

25.   Defendant denies the allegations in paragraph 25 of the Complaint.

26.   Defendant denies that the modifications TERC made to the Curriculum were done in reliance on IAT's promise to publish it.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26, and therefore denies same.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 27, and therefore denies same. Defendant denies the remaining allegations in paragraph 27.

Second Defense

28. The Court lacks jurisdiction over the Defendant, as the amount in controversy does not exceed the jurisdictional amount for diversity jurisdiction.

Third Defense

29. The case should be dismissed or transferred as the proper venue for this case lies in a New York court.

Fourth Defense

30. Plaintiff has failed to name an indispensable party, namely the National Science Foundation.

Fifth Defense

31. Plaintiff did not suffer any loss, because the work that Plaintiff performed on the Curriculum was paid for by a grant from the National Science Foundation

Sixth Defense

32. Under the terms of the Agreement that was drafted by TERC and its counsel, the sole remedy in case TERC failed to submit the Curriculum in Final Form timely, or IAT failed to

publish the Curriculum timely, was for the other party to terminate the Agreement and for the rights in the Curriculum to revert to the Author.

Seventh Defense

33. IAT gave TERC timely notice that the Curriculum was not marketable, based upon TERC's and IAT's market research, and due also to the changed circumstance that teachers now were required to teach primary subject matter with accountability in major content areas, and the Astrobiology Curriculum was not viewed as meeting those needs.

34. IAT's failure to provide TERC with written notice of its decision not to market the Curriculum was due to TERC's pleading with IAT not to do so, in order not to affect TERC's relationship with NSF or its ability to explore the possibility of publishing the Curriculum with other publishers.

35. TERC is therefore barred from recovery by virtue of its unclean hands in bringing about the technical breach of the Agreement about which it now complains.

Eighth Defense

36. IAT's original decision to consider publication of the Curriculum was based in large measure upon TERC's representations that the Curriculum was marketable, based upon its testing and evaluation.

37. IAT subsequently determined that TERC's testing and evaluation did not support that the Curriculum was marketable.

38. IAT expended substantial sums of its own money on market studies, which studies

concluded that the Curriculum in fact was not marketable.

39. Subsequently, at TERC's urging and in keeping with TERC's request that IAT not send a written notice terminating the Agreement, IAT expended additional time and funds attempting to evaluate other options for publishing the Curriculum, either in a different format and/or for a different grade level.

40. TERC therefore is barred from recovering for IAT's refusal to publish the Curriculum, because of TERC's unclean hands..

Ninth Defense

41. TERC is not entitled to damages for making the Curriculum conform to IAT's format, because prior to IAT agreeing to consider marketing the Curriculum, TERC represented to IAT that the Curriculum already had been written in a manner so as to conform to IAT's format.

Tenth Defense

42. The Agreement gave the parties time to cure any default following notice of said default.

43. TERC terminated the Agreement by letter dated June 15, 2003, and refused to give IAT time to cure the alleged default.

44. TERC's unilateral termination of the Agreement and violation of the cure provision excused IAT from any further performance on its part.

Eleventh Defense

45. TERC is not entitled to recover from IAT for the costs of travel and CD's, because said expenses were not authorized by IAT in accordance with the Agreement.

.Twelfth Defense

46. Since being informed in early 2002 that IAT could not market its Curriculum, if the Curriculum was marketable TERC had a duty to minimize its damages by having the Curriculum published elsewhere.

47. TERC has failed in its duty to minimize damages.

WHEREFORE, the defendant Laurtom, Inc., requests that the Complaint be dismissed and that it be awarded its costs, including reasonable counsel fees.

By its attorneys,

/S/   JOSEPH F. RYAN

Joseph F. Ryan BBO# 435720
Lyne Woodworth & Evarts LLP
600 Atlantic Avenue
Boston, MA 02210
Telephone 617/523-6655 - Telecopy 617/248-9877
E-mail: Jryan@LWELaw.com