UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TECHNICAL EDUCATION RESEARCH CENTERS, INC., Plaintiff )<br>)<br>V.                                                               )     Civil Action No.   04-12539 RCL<br>)<br>LAURTOM, INC., Defendant                             ) | |

JOINT STATEMENT

Counsel for the parties have conferred, pursuant to Rule 16.1(B) of the Local Rules of this Court, and submit this Joint Statement in accordance with Local Rule 16.1(D).

1.    CONCISE SUMMARY OF THE PARTIES' POSITIONS

Plaintiff's Position - Plaintiff, Technical Education Research Centers, Inc. ("TERC"), filed this action based on diversity jurisdiction asserting that defendant Laurtom, Inc. ("Laurtom") breached its agreement to publish and market a 9th grade science curriculum entitled *Astrobiology: The Search for Life in the Universe* (the "Curriculum").

TERC expended considerable resources to modify the Curriculum according to Laurtom's unique format, at its request and in reliance on its promise to publish the Curriculum. Laurtom admits it has not published the Curriculum, claiming it is not marketable. However, nothing in the Agreement permitted it to drop publication on such grounds. Laurtom never provided any timely written statement to TERC notifying it that the Curriculum was deficient, therefore it was

accepted under the terms of the Agreement and Laurtom remained obligated to publish it.

As a result of Laurtom's failure to publish the Curriculum, TERC sent it a notice of termination pursuant to the terms of the Agreement. Laurtom did not respond, nor did it make an effort to cure the breach.

In addition, Laurtom breached its promise to reimburse TERC for travel expenses and other costs associated with promotion of the Curriculum.

TERC seeks lost revenues from sales of the Curriculum, costs to revise the Curriculum from Laurtom's unique format to that of a replacement publisher, and additional damages as restitution for expenses incurred by TERC in reliance on Laurtom's express and implied promises to publish the Curriculum.

<u>Defendant's Position</u> - Laurtom, Inc. has filed an Answer admitting that it has not published the text book, but asserting that the proposed curriculum is not marketable. Laurtom's original decision to consider marketing the curriculum was based in part upon TERC's representations that it had conducted substantial test marketing and the curriculum was marketable, which subsequently were determined not to be true. TERC did not suffer any loss because all of its work was paid for by a grant from the National Science Foundation, which has not been named as a party. Laurtom's failure to provide TERC with written notice of its decision not to publish the curriculum was due to TERC's pleading with Laurtom not to do so, in order not to affect their relationship with NSF. Under the terms of the Agreement that was drafted by TERC and its counsel, the sole remedy either party had against the other was to terminate the Agreement. TERC did that, without affording Laurtom the right to cure provided for in the Agreement.

II.   AGENDA OF MATTERS TO BE DISCUSSED AT SCHEDULING CONFERENCE

    A.   The schedule for this action, which shall encompass the following:

        1.   Fact discovery;

        2.   Expert discovery;

        3.   Dispositive motions; and

        4.   Trial

    B.   Status of settlement discussions in this matter

III.   PROPOSED DISCOVERY PLAN AND MOTION SCHEDULE

The parties have agreed to the following proposed events:

    A.   <u>Fact Discovery</u>

Each of the parties will make voluntary disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than March 31, 2005. Fact discovery shall be completed no later than November 30, 2005. All interrogatories, document requests, and/or requests for admissions must be served so that the responses thereto will be due by November 1, 2005. All depositions, other than expert depositions, shall be taken on or before November 30, 2005.

    B.   <u>Expert Discovery</u>

The plaintiff shall serve any reports required by Fed. R. Civ. P. 26(a)(2) for any experts TERC intends to offer for its case-in-chief no later than September 1, 2005. The defendant Laurtom shall serve reports for any rebuttal experts no later than November 1, 2005. Depositions of these experts must be concluded no later than January 31, 2006.

C. <u>Motions for Summary Judgment</u>

Motions for summary judgment, if any, may be served and filed no later than March 31, 2006. Opposition to any motions for summary judgment must be served and filed no later than May 1, 2006. Responses to oppositions to motions for summary judgment must be filled by May 15, 2006.

D. <u>Amendment of Pleadings, Joinder of Parties</u>

Motions for leave to amend pleadings pursuant to Fed. R. Civ. P. 15 or for joinder of parties pursuant to Fed. R. Civ. P. 19 must be served and filed, no later than June 30, 2005.

E. <u>Trial</u>

A pretrial conference shall take place on the first day convenient to the Court following its ruling on any summary judgment motion or, if no such motions have been filed, then on or after May 31, 2006.

IV. CERTIFICATIONS

The parties will submit the certifications required by Local Rule 16.1(D)(3) at or prior to the Scheduling Conference.

V. TRIAL BY MAGISTRATE JUDGE

At this time the parties do not consent to a trial by a Magistrate Judge.

VI. ALTERNATIVE DISPUTE RESOLUTION

At this time no agreement has been made for consent to alternative dispute resolution.

By their attorneys,

/s/ William S. Strong
/s/ Sherry Ruschioni
/s/ Amy C. Mainelli                              /s/ Joseph F. Ryan

William S. Strong (BBO#483520)  
Sherry Ruschioni (BBO#643393)  
Amy C. Mainelli (BBO#657201)  
Kotin, Crabtree & Strong LLP  
One Bowdin Square  
Boston, MA 02114  
(617)227-7031  
(617)367-2988 (fax)  

Joseph F. Ryan (BBO#435720)  
Lyne Woodworth & Evarts LLP  
600 Atlantic Avenue  
Boston., MA 02210  
(617)523-6655  
Jryan@LWELaw.com